UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BRADLEY MILLER; JOSEPH MOFFITT;
CHARLOTTE BRYAN; ROBERT BELL;
MELISSA HILL, individually, and on
behalf of all others similarly
situated,

   *Plaintiffs-Appellants,*

   v.

JOHN S. JEFFERS, in his official
capacity as Director of the Division
of Rehabilitation Services of West
Virginia,

   *Defendant-Appellee,*

   and

DIVISION OF REHABILITATION
SERVICES OF WEST VIRGINIA;
KENNETH S. APFEL, Commissioner of
Social Security,

   *Defendants,*

   v.

TRI-STATE OCCUPATIONAL MEDICINE,
INCORPORATED; BRUCE A. GUBERMAN,
M.D.; CHARLES M. PARODA, M.D.,
   *Parties in Interest.*

JO ANNE BARNHART, Commissioner
of the United States Social Security
Administration,
   *Amicus Curiae.*

No. 01-2070

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CA-97-1214-3)

Argued: May 7, 2002

Decided: July 10, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Gregory George Paul, PEIRCE, RAIMOND & COULTER, P.C., Pittsburgh, Pennsylvania, for Appellants. Robert D. Williams, Assistant Attorney General, Charleston, West Virginia, for Appellee. William George Cole, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Mark T. Coulter, PEIRCE, RAIMOND & COULTER, P.C., Pittsburgh, Pennsylvania, for Appellants. Darrell V. McGraw, Jr., Attorney General, Charleston, West Virginia, for Appellee. Robert D. McCallum, Jr., Assistant Attorney General, Karl K. Warner, II, United States Attorney, William Kanter, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellants, a group of West Virginia residents who applied for disability benefits from the Social Security Administration (SSA), appeal an order of the district court dismissing their claims against Appellee John S. Jeffers, Director of the Division of Rehabilitation Services of West Virginia (DRS). Because we conclude that Appellants lack standing to pursue this litigation, we affirm.

I.

Applications for disability benefits are subject to a four-step administrative review process which involves both the federal and state governments. The first two levels of review are conducted by a state disability determination service—in this case, the DRS—and consist of an initial determination regarding disability and reconsideration of any denial of disability benefits. After completion of these stages of review, a claimant's file is transferred to the SSA, which retains possession of it thereafter. The second two levels of administrative review are conducted by the SSA.

In December 1997, Appellants filed this action pursuant to 42 U.S.C.A. § 1983 (West Supp. 2001), claiming that the DRS failed to comply with certain federal regulations. At that time, all of Appellants' initial disability claims had passed beyond the first two stages of administrative review. Ultimately, the district court dismissed the action. The court concluded that it could not grant the relief Appellants sought—reconsideration of their disability applications—because Jeffers was no longer in possession of Appellants' files and the court could not force the SSA, which was not before it, to return the files to the DRS.

II.

The Constitution provides that "[t]he judicial Power" of the federal courts extends only to specified "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "The doctrine of standing has always been

an essential component of [the] case or controversy requirement of federal jurisdiction," *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997), and is assessed as of the filing of the complaint, *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). In order to establish standing, a plaintiff bears the burden of showing that he suffered an actual or threatened "injury in fact"; that the injury is "fairly traceable" to the defendant's complained-of conduct; and that the injury likely will be redressed by the relief sought. *Id.* at 180-81 (internal quotation marks omitted). Because standing is a jurisdictional requirement, the question of whether it exists must be addressed before consideration of the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).

We conclude that Appellants lacked standing at the outset of this litigation. When the complaint was filed, Appellants' disability claims had passed out of the first two stages of administrative review, with the result that there was no relief that the district court could grant against Jeffers that would redress the injury allegedly suffered by Appellants. Accordingly, Appellants lacked standing and the action was properly dismissed.

### III.

For the reasons set forth above, we affirm the dismissal of this action by the district court.

*AFFIRMED*